IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LACEY RENEE BAXTER MOORE,<br>Movant, | |
| v. | No.  4:20-CV-1201-O<br>(4:19-CR-0304-O-9) |
| UNITED STATES OF AMERICA,<br>Respondent. | |

### RESPONSE TO 28 U.S.C. § 2255 MOTION

Moore moves the Court to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  The government opposes Moore's motion because it is meritless.

**1.    BACKGROUND**

**A.    Statement of the Case**

In 2016, federal agents began an investigation into a methamphetamine-trafficking conspiracy.  (PSR ¶¶ 10-13.)[1]  They discovered that Moore assisted her coconspirator and domestic partner, Joshua Moore, in methamphetamine distribution.  (PSR ¶¶ 14-19.)  According to her own post-arrest, voluntary interview, she and Joshua trafficked 6.72 kilograms of methamphetamine.  (CR No. 253-1 at 2-5; *see also* PSR Add. at 2, 3-4.)

Moore waived indictment and pleaded guilty to a single-count information charging conspiracy to possess with intent to distribute methamphetamine.  (CR Nos. 49, 51, 53, 78.)

---

[1] Citations to "CR No. _" refer to the docket of the underlying criminal proceeding.  Documents filed in the instant Section 2255 action are cited "CV No."  Other documents, such as the presentence report ("PSR") will be referenced by title.

1

A U.S. probation officer prepared a presentence report ("PSR"), which, before disclosure of Moore's interview, initially assigned a base offense level of 30 under USSG § 2D1.1(c)(5) due to her responsibility for 1,285.71 grams of methamphetamine (at least 500 grams but fewer than 1,500 grams) and added a two-level increase based on imported methamphetamine under USSG § 2D1.1(b)(5). (PSR ¶¶ 28-29.) With a three-level reduction for acceptance of responsibility, her total offense level was 29, which, when coupled with her criminal history category IV, yielded an advisory guideline range of 121 to 151 months' imprisonment. (PSR ¶¶ 35-37, 98.)

The parties each filed objections. The government argued for a two-level increase based on obstruction of justice, owing to Moore's jail calls, in which she tried to warn coconspirators of government scrutiny. (CR No. 215, 215-1.) For her part, Moore objected to the drug quantity, arguing that the evidence was insufficient to support that she had been involved in the transactions identified in the PSR. (CR No. 251 at 1-5.) Moore also complained that she should receive a minor-role adjustment to her offense level under USSG § 3B1.2(b) because, in her view, she was substantially less culpable than the average participant. (CR No. 251 at 5-6.) The government responded to each of Moore's objections and included with its response a memorandum of interview in which Moore admitted to trafficking 6.72 kilograms of methamphetamine with Joshua. (CR No. 253-1 at 2-5; *see also* PSR Add. at 2, 3-4.)

At sentencing, the Court overruled the parties' objections. (CR No. 392 at 8-11.) With those rulings, Moore's total offense level increased to 33 because, due to her own admissions, she was responsible for more drugs than the PSR initially assigned; her

criminal history category remained IV; and her resulting advisory guideline range was 188 to 235 months' imprisonment. (CR No. 392 at 12.) The Court nevertheless varied downward based on Moore's motion, (CR No. 350), to a sentence of 144 months. (CR No. 392 at 21.)

Moore filed a direct appeal, but the Court of Appeals affirmed this Court's judgment. *United States v. Moore*, 820 F. App'x 308 (5th Cir. 2020). Moore sought certiorari review in the Supreme Court, which was denied on November 16, 2020. *See United States v. Moore*, No. 20-6058, 2020 U.S. App. LEXIS 28478, 2020 WL 5413193. The Clerk of Court docketed the instant motion on November 2, 2020, while Moore's case was still pending on direct review in the Supreme Court; accordingly, it was not entitled to consideration at that time. *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). After she filed her Section 2255 motion, the Supreme Court denied her petition for certiorari, ending her case on direct review, and her motion is therefore within the limitations period. *Cf. Clay v. United States*, 537 U.S. 522, 525, 527 (2003).

**B.    Statement of the Issues**

Given the benefit of liberal pleading standards,[2] Moore complains that:

i.    she received ineffective assistance of counsel when her trial attorney failed to object to information in the PSR, including drug weight attributable to "ghost dope[,]" a firearm increase to her offense level, and the spelling of two names (Claim 1);[3]

---

[2] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[3] (CV No. 1 at 7, 13.)

  ii. she received ineffective assistance of counsel on appeal because her attorney failed to challenge the district court's determination that she did not qualify for a minor-role adjustment to her offense level (Claim 2).[4]

## 2. APPLICABLE LEGAL STANDARDS

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence. It provides four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack." *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

After a guilty plea and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post-conviction collateral attacks. To the contrary, a final judgment commands respect." *United States v. Frady*, 456 U.S. 152, 164-65 (1982). Consequently, issues that can be presented in a Section 2255 motion are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. *See Shaid*, 937 F.2d at 232.

Claims that counsel was ineffective allege a constitutional violation that can be raised under Section 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To

---

[4] (CV No. 1 at 8.)

prevail on an ineffective-assistance-of-counsel claim, the movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Strickland*, 466 U.S. at 697.

The movant must first prove his counsel's performance was deficient. Simply making "conclusory allegations" is insufficient. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). The movant must identify counsel's specific acts or omissions that were not the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. The Court's "scrutiny . . . must be highly deferential" and "requires that every effort be made to eliminate the distorting effects of hindsight[.]" *Id.* at 689. The Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case" and "evaluate [that] conduct from counsel's perspective at the time." *Id.* at 689-90. To that end, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotations and citations omitted).

Second, a movant must prove that his attorney's deficient performance prejudiced his case. *Id.* This requires showing "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). There is no prejudice if the deficient performance did not "deprive

the defendant of any substantive or procedural right to which the law entitles him." *Id.* Put another way, a movant must prove that but for counsel's errors, "there is a reasonable probability that" the result of the proceeding would have been different. *Strickland*, 466 U.S. at 693-94; *United States v. Bartholomew*, 974 F.2d 39, 41-42 (5th Cir. 1992).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The claim fails if the movant does not satisfy either the deficient-performance prong or the prejudice prong. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). And a court need not address both components if there is an insufficient showing on one. *Id.*

Procedurally, a Section 2255 motion does not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack of merit of a section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451.

3. **ARGUMENT AND ANALYSIS**

  A. **Moore's failure-to-object claims are conclusory and meritless. (Claim 1)[5]**

Moore faults her counsel for failing to make objections to the PSR.[6] Principally, she complains about what she calls "ghost dope"—that is, drug amounts attributable to

---

[5] Moore's complaints about the misspellings of two names, (CV No. 1 at 15), did not affect her sentence and are thus non-cognizable. *See United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994).

[6] She also faults her counsel for failing to object to an offense-level increase under USSG § 2D1.1(b)(1) based on the possession of a firearm. (CV No. 1 at 7.) No such increase, however, was applied. (*See* PSR ¶¶ 26-37; PSR Add. at 4; CR No. 392 at 8-12.) The Sixth Amendment does not demand counsel to

6

her that were not actually seized. She contends that her confession to those amounts was the result of her intoxication and desire to get out of jail. (CV No. 1 at 7-15.) And, reading her pleading liberally, she argues that the "ghost dope" violated her rights under the Fifth and Sixth Amendments because she was deprived of her right to call a chemist to test the "ghost dope." (CV No. 1 at 7.) According to Moore, she should only be held responsible for the drugs she was high on—some 3.5 grams. (CV No. 1 at 7.)[7]

As to deficient performance, these conclusory allegations are insufficient to prove ineffective assistance of counsel. *Miller*, 200 F.3d at 282 ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). She provides no independent evidence to support her assertion that she was intoxicated when she gave the voluntary interview in which she admitted to the drug-trafficking amounts held attributable to her at sentencing. *See United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008) (requiring "independent indicia of the likely merit of [the movant's] allegations"). She does not, moreover, even allege that her counsel was inadequate for failing to investigate such a line of defense, and nor could she consistent with the record: she said nothing to the Court about the matter at sentencing, where her counsel told the Court that he had received and gone over the PSR Addendum with her, where counsel stated that his initial drug-quantity objection was moot in light of Moore's

---

lodge meritless objections. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

[7] To the extent that her motion could be read to raise a freestanding claim—as opposed to a claim of ineffective assistance of counsel—based on her alleged intoxication leading to unfounded drug amounts, (CV No. 1 at 7), such a claim is procedurally barred because she has not shown cause and prejudice for failure to raise the claim on appeal. *See Massaro*, 538 U.S. at 504. Moreover, a freestanding claim of guideline error is not cognizable under Section 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

own statements,[8] which were provided by the government in response to his objections, and where she mentioned nothing during allocution.  (CR No. 392 at 2, 8, 20-21.)  As for her inability to call a chemist witness, Moore does not allege that the unidentified chemist would have been willing to testify, what the testimony would have been, or it would have changed the outcome of her case.[9]  *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (holding that petitioner alleging ineffective assistance "must show with specificity what should have been done differently and how the outcome of the proceeding would have been different").

### B. Moore cannot overcome the presumption that her counsel made a strategic choice on appeal.  (Claim 2)

Finally, Moore complains that her counsel should have pressed on appeal her unsuccessful argument in this Court that she should have received an offense-level reduction based on a minor role in the offense.  (CV No. 1 at 8.)  The *Strickland* standard dooms this complaint because Moore cannot overcome the presumption that counsel made a strategic choice not to reprise the issue on appeal.

In this Court, Moore objected to the PSR and sought a reduction to her offense level for a minor role in the offense under USSG § 3B1.2(b).  (CR No. 346 at 1-2.)  In addition to minimizing Moore's role, counsel directed the Court to the physical abuse inflicted on Moore by her coconspirator and domestic partner, Joshua.  (*Id.*)  The latter

---

[8] The PSR Addendum noted that Moore's admissions that she was responsible for these amounts were "corroborated by statements made from cooperating coconspirators and codefendants[.]"

[9] An estimate of drugs based on a confession, moreover, does not violate the Fifth or Sixth Amendments. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (Fifth Amendment requires only that facts be supported by sufficient indicia of reliability); *United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009) (judicial fact finding for advisory guideline purposes does not offend the Sixth Amendment).

also formed the gravamen of her argument for a downward variance.  (*See* CR No. 350.) Counsel also emphasized this point extensively at Moore's sentencing hearing.  (CR No. 392 at 9, 10.)  But the PSR Addendum detailed Moore's involvement, which was hardly substantially less culpable than the average participant, which is required for the reduction:

- she and Joshua Moore obtained 1 pound from coconspirator O'Meara on one occasion;
- they obtained 1 pound from an unindicted coconspirator on another occasion;
- they obtained 9 ounces on at least five occasions;
- they obtained 8 ounces on one or two occasions;
- they obtained 3-5 ounces on ten occasions;
- they obtained 1-2 ounces on one or two occasions;
- she wired money to another coconspirator on Joshua's behalf;
- she traveled with and acted as a lookout for Joshua when he began receiving larger quantities of methamphetamine.

(PSR Add. at 2.)  The foregoing is only a sampling of a single-spaced paragraph that fills almost an entire page of the PSR Addendum's description of Moore's joint activities with Joshua, and these activities were the reason for the probation officer's recommendation against a minor-role reduction.  (*See id*. at 3.)

    In the end, the Court, which relied on the PSR Addendum, explained:

> I believe based on her statement as well that she and [Joshua] Moore obtained the drugs.  I believe she understood the scope of the conspiracy.  I think the nature and extent of her participation weighs in favor of it as well as the other factors.  I think on balance, I think the [minor] role [reduction] should be denied.  She acted – in addition to obtaining the drugs with them, she acted as a lookout for him.  Wired money for him.  Worked

9

> coextensively with him, and I think that the role should be – I think for these reasons I deny the request to reduce the role.

(CR No. 392 at 11.)  But the Court did take account of the abusive relationship, granting Moore's motion for a downward variance.  (*See* CR No. 350 (motion); *see also* CR No. 362 (statement of reasons).)  The Court's sentence of 144 months was 44 months below the bottom of the advisory guidelines, (CR No. 392 at 12, 21), representing a 23% variance.

Against this backdrop of evidence and explanation by the Court, Moore cannot overcome the presumption that her counsel made a strategic decision not to press her minor-role argument on appeal.  *See Moore v. Johnson*, 194 F.3d 586, 591-92 (5th Cir. 1999).  Failure to press the argument in the face of the overwhelming evidence presented by the government could hardly be called folly and especially does not rise to the level of deficient performance which, in this context, can be shown if it was "unreasonable as a matter of law."  *See id.* at 592.  Failing to raise the client's desired issues on appeal, moreover, does not standing alone constitute deficient performance.  *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  The prejudice prong fails for the same reason as the deficient-performance prong: nowhere does Moore contend why the Court of Appeals would have been receptive to the argument in light of the evidence and this Court's ruling or how the outcome thereby might have been different.  *See Green*, 882 F.2d at 1003.  In sum, Moore has failed to show constitutionally deficient performance or prejudice.

**4.      CONCLUSION**

This Court should deny Moore's Section 2255 motion.

Respectfully submitted,

PRERAK SHAH
Acting United States Attorney

*/s/ Brian W. Portugal*
Brian W. Portugal
Assistant United States Attorney
Texas Bar No. 24051202
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
E-mail: brian.portugal@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on January 29, 2021, I filed this response with the clerk of court for the U.S. District Court, Northern District of Texas.  I also certify that I caused a copy of this response to be sent to Lacey Renee Baxter Moore, Register Number 59230-177, Carswell FMC, P.O. Box 27137, Fort Worth, Texas 76127, by certified mail.

*/s/ Brian W. Portugal*
Brian W. Portugal
Assistant United States Attorney