IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **LACEY RENEE BAXTER MOORE,** § <br> § <br> **Movant,** § <br> § <br> **V.** § <br> § <br> **UNITED STATES OF AMERICA,** § <br> § <br> **Respondent.** § | <br><br><br><br><br>Civil Action No. 4:20-cv-1201-O <br>(Crim. Action No. 4:19-cr-0304-O(9)) |

## ORDER

Before the Court is the motion of Lacey Renee Baxter Moore ("Moore"), movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion (ECF No. 1), government's response (ECF No. 8), record, including the record in the underlying criminal case, Criminal Action No. 4:19-cr-0304-O(9), and applicable law, finds that the motion should be dismissed.

**I.     BACKGROUND**

The record in the underlying criminal case reflects the following:

As set forth in the Presentence Report ("PSR"), in 2016, federal agents began an investigation into a methamphetamine-trafficking conspiracy. CR Doc. 207-1, PSR (SEALED) ¶¶ 10-13.[1] They discovered that Moore assisted her coconspirator and domestic partner, Joshua Moore, in methamphetamine distribution. *Id.* ¶¶ 14-19. According to Moore's post-arrest, voluntary interview, she and Joshua Moore trafficked 6.72 kilograms of methamphetamine. CR

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, Criminal Action No. 4:19-cr-304-O(9).

Doc. 253-1, Gov't's Resp. Obj. PSR (SEALED) at 2-5; *see also* CR Doc. 262, PSR Add. (SEALED) at 2, 3-4.

Moore waived indictment and pleaded guilty to a single-count information charging conspiracy to possess with intent to distribute methamphetamine. CR Docs. 49, 51, 53, 78.

A United States probation officer prepared a PSR which, before disclosure of Moore's interview, initially assigned a base offense level of 30 under USSG § 2D1.1(c)(5) due to her responsibility for 1,285.71 grams of methamphetamine (at least 500 grams but fewer than 1,500 grams) and added a two-level increase based on imported methamphetamine under USSG § 2D1.1(b)(5). CR Doc. 207-1, PSR ¶¶ 28-29. With a three-level reduction for acceptance of responsibility, her total offense level was 29, which, when coupled with her criminal history category IV, yielded an advisory guideline range of 121 to 151 months' imprisonment. *Id.* ¶¶ 35-37, 98.

The parties each filed objections. The government argued for a two-level increase based on obstruction of justice arising from Moore's jail calls, in which she tried to warn coconspirators of government scrutiny. CR Doc. 215, 215-1. Moore objected to the drug quantity, arguing that the evidence was insufficient to support that she had been involved in the transactions identified in the PSR. CR Doc. 251 at 1-5. She also argued that she should receive a minor-role adjustment to her offense level under USSG § 3B1.2(b) because, in her estimation, she was substantially less culpable than the average participant. *Id.* at 5-6. The government responded to each of Moore's objections and included with its response a memorandum of interview in which Moore admitted to trafficking 6.72 kilograms of methamphetamine with Joshua. CR Doc. 253-1 at 2-5; *see also* CR Doc. 262, PSR Add. at 2, 3-4.

At sentencing, the Court overruled the parties' objections. CR Doc. 392 at 8-11. With those rulings, Moore's total offense level increased to 33 because, due to her own admissions, she was responsible for more drugs than the PSR initially assigned; her criminal history category remained IV; and her resulting advisory guideline range was 188 to 235 months' imprisonment. CR Doc. 392 at 12. Nevertheless, the Court varied downward based on Moore's motion, (*see* CR Doc. 350), to a sentence of 144 months. CR Doc. 392 at 21.

Moore filed a direct appeal, and the Court of Appeals affirmed this Court's judgment. *United States v. Moore*, 820 F. App'x 308 (5th Cir. 2020). Moore sought certiorari review in the Supreme Court, which was denied on November 16, 2020. *See United States v. Moore*, 141 S. Ct. 854 (Nov. 16, 2020). The Clerk of Court docketed this Section 2255 motion on November 2, 2020, while Moore's case was still pending on direct review in the Supreme Court. As such, her Section 2255 Motion was not entitled to consideration at that time. Thereafter, on November 16, 2020, the Supreme Court denied her petition for certiorari, ending her case on direct review, and the government has conceded, and the Court finds, that Moore's motion is, therefore, within the applicable limitations period.

## II.     GROUNDS OF THE MOTION

Liberally construed, Moore contends (1) she received ineffective assistance of counsel when her trial attorney failed to object to information in the PSR, including drug weight attributable to "ghost dope[,]" a firearm increase to her offense level, and the spelling of two names ("Claim One"); and (2) she received ineffective assistance of counsel on appeal because her attorney failed to challenge the district court's determination that she did not qualify for a minor-role adjustment to her offense level ("Claim Two"). The government has filed a response in

opposition to Moore's Section 2255 Motion in which it urges the Court to deny her motion as meritless. *See* Gov't's Resp., ECF No. 8. No reply was filed.

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

4

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### IV. ANALYSIS

#### A. Claim One

Construed liberally, Moore asserts in Claim One that she received ineffective assistance of counsel when her trial attorney failed to object to information in the PSR, including drug weight attributable to "ghost dope[,]" a firearm increase to her offense level, and the spelling of two

5

names. The government opposes Moore's Section 2255 Motion and urges the Court to deny it as meritless. *See* Gov't's Resp., ECF No. 8. No reply was filed. For the reasons that follow, the Court agrees with the government and concludes Moore's contentions in Claim One are conclusory and lack merit.

As an initial matter, Moore's complaints about the misspellings of two names (*see* Sec. 2255 Mot., ECF No. 1 at 15), did not affect her sentence and are thus non-cognizable. *See United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994).

Second, the Court rejects Moore's contention that she received ineffective assistance of counsel because her counsel failed to make objections to the PSR. Moore's central contention concerns what she terms "ghost dope"—which the Court interprets to mean drug amounts she contends were attributable to her that were not actually seized. She asserts that her confession to those amounts was the result of her intoxication and desire to get out of jail. *See* Section 2255 Mot., ECF No. 1 at 7-15. She further asserts that the "ghost dope" violated her rights under the Fifth and Sixth Amendments because she was deprived of her right to call a chemist to test the "ghost dope." *Id.* at 7. Moore maintains she should only be held responsible for the drugs she was high on. *Id.*

In opposition, the Government argues that Moore's "conclusory allegations are insufficient to prove ineffective assistance of counsel." Gov't's Resp. 7, ECF No. 8. The Court agrees.

Moore fails to provide any independent evidence to support her assertion that she was intoxicated when she gave the voluntary interview in which she admitted to the drug-trafficking amounts held attributable to her at sentencing. *See United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008) (requiring "independent indicia of the likely merit of [the movant's] allegations"). She

does not allege that her counsel was inadequate for failing to investigate such a line of defense. Such an argument, in any event, would be inconsistent with the record. At sentencing, Moore said nothing to the Court about the matter. Further, at sentencing, her counsel informed the Court that he had received and gone over the PSR Addendum with her, and he stated that his initial drug-quantity objection was moot in light of Moore's own statements, which were provided by the government in response to his objections. *See* CR No. 392 at 2, 8, 20-21. With respect to her claim that she was unable to call a chemist witness, Moore does not allege that the unidentified chemist would have been willing to testify, what the testimony would have been, or how it would have changed the outcome of her case. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (holding that petitioner alleging ineffective assistance "must show with specificity what should have been done differently and how the outcome of the proceeding would have been different").

Further, as the Government notes, "An estimate of drugs based on a confession . . . does not violate the Fifth or Sixth Amendments." Gov't's Resp. 8 n.9, ECF No. 8. *See generally United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (Fifth Amendment requires only that facts be supported by sufficient indicia of reliability); *United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009) (judicial fact finding for advisory guideline purposes does not offend the Sixth Amendment).

Additionally, the Court rejects Moore's contention that she received ineffective assistance of counsel because her attorney failed to object to an offense-level increase under USSG § 2D1.1(b)(1) based on the possession of a firearm. Section 2255 Mot., ECF No. 1 at 7. A review of the record shows that no such increase was applied. *See* CR Doc. 207-1, PSR ¶¶ 26-37; PSR Add. at 4; CR No. 392 at 8-12.

Finally, insofar as Claim One could be liberally construed as attempting to raise a freestanding claim (as opposed to an ineffective assistance of counsel claim) based on her alleged intoxication leading to unfounded drug amounts, this claim is procedurally barred because she has not shown cause and prejudice for failure to raise the claim on appeal. *See Massaro*, 538 U.S. at 504.

For these reasons, the Court rejects Moore's assertion that she is entitled to a reduction in sentence based on ineffective assistance of counsel on the grounds she provides in Claim One.

**B.**     **Claim Two**

Construed liberally, Moore asserts in Claim Two that she received ineffective assistance of counsel on appeal because her attorney failed to challenge the district court's determination that she did not qualify for a minor-role adjustment to her offense level. In opposition, the government argues that the "*Strickland* standard dooms this complaint because Moore cannot overcome the presumption that counsel made a strategic choice not to reprise the issue on appeal." Gov't's Resp. 8, ECF No. 8. For the reasons that follow, the Court agrees with the government and concludes Moore's contentions in Claim Two lack merit.

Before this Court, Moore objected to the PSR and sought a reduction to her offense level for a minor role in the offense under USSG § 3B1.2(b). CR Doc. 346 at 1-2. Moore's counsel also directed the Court to the physical abuse inflicted on Moore by her coconspirator and domestic partner, Joshua Moore. *Id.* The physical abuse was also the basis for Moore's argument for a downward variance and counsel raised this issue at sentencing. *See* CR Doc. 350; CR Doc. 392 at 9, 10.

The PSR Addendum, however, detailed Moore's involvement, "which was hardly substantially less culpable than the average participant, which is required for the reduction[.]" Gov't's Resp. 9, ECF No. 8. The PSR Addendum provided as follows with regard to Moore's involvement :

- she and Joshua Moore obtained 1 pound from coconspirator O'Meara on one occasion;

- they obtained 1 pound from an unindicted coconspirator on another occasion;

- they obtained 9 ounces on at least five occasions;

- they obtained 8 ounces on one or two occasions;

- they obtained 3-5 ounces on ten occasions;

- they obtained 1-2 ounces on one or two occasions;

- she wired money to another coconspirator on Joshua's behalf;

- she traveled with and acted as a lookout for Joshua when he began receiving larger quantities of methamphetamine.

CR Doc. 262 at 2. These activities and others set forth in the Presentence Report Addendum formed the basis for the probation officer's recommendation against a minor-role reduction. *See id.* at 3.

Relying on, among other things, the PSR Addendum, the undersigned explained:

I believe based on her statement as well that she and [Joshua] Moore obtained the drugs. I believe she understood the scope of the conspiracy. I think the nature and extent of her participation weighs in favor of it as well as the other factors. I think on balance, I think the [minor] role [reduction] should be denied. She acted – in addition to obtaining the drugs with them, she acted as a lookout for him. Wired money for him. Worked coextensively with him, and I think that the role should be – I think for these reasons I deny the request to reduce the role.

9

CR Doc. 392 at 11. The Court did consider the evidence of the abusive relationship and granted Moore's motion for a downward variance. *See* CR Doc. 362 (Statement of Reasons). Moore's sentence of 144 months was 44 months below the bottom of the advisory guidelines.

In opposition to Claim Two in Moore's Section 2255 Motion, the government argues:

> Against this backdrop of evidence and explanation by the Court, Moore cannot overcome the presumption that her counsel made a strategic decision not to press her minor-role argument on appeal. *See Moore v. Johnson*, 194 F.3d 586, 591-92 (5th Cir. 1999). Failure to press the argument in the face of the overwhelming evidence presented by the government could hardly be called folly and especially does not rise to the level of deficient performance which, in this context, can be shown if it was "unreasonable as a matter of law." *See id.* at 592. Failing to raise the client's desired issues on appeal, moreover, does not standing alone constitute deficient performance. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Gov't's Resp. 10, ECF No. 8. In light of the record summarized above, the Court agrees and concludes that Moore cannot overcome the presumption that her counsel made a strategic decision not to press her minor-role argument on appeal. On this record, failure to press the minor-role argument does not rise to the level of deficient performance under *Strickland*.

The Court concludes that the prejudice prong of the *Strickland* standard fails for the same reason as the deficient-performance prong. Moore does not provide the Court with any reason why the Fifth Circuit Court of Appeals would have been receptive to her minor-role argument given the record evidence and this Court's ruling and she does not provide the Court with any explanation of how the outcome might have been different. *See Green*, 882 F.2d at 1003.

For these reasons, the Court rejects Moore's assertions in Claim Two.

In sum, Moore has failed to show constitutionally deficient performance or prejudice in either Claim One or Claim Two and, accordingly, the Court will deny her Section 2255 Motion.

## V. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed, R. App. P. 22(b). Rule 11 of the Rules Governing Section 2255 Proceedings now requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009). This Court may only issue a COA if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court concludes that Moore has not made a showing that reasonable jurists would question this Court's rulings and **DENIES** a certificate of appealability for the reasons stated in this Order.

## VI. CONCLUSION

For the reasons discussed herein, Moore's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 1) is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed above, a certificate of appealability is **DENIED**. In accordance with Federal Rule of Civil Procedure 58(a), the Court will issue a final judgment separately

**SO ORDERED** on this **6th day** of **April, 2021**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**